United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>   ROBERT R. VAUGHN, JR. and<br>   MELANIE L. VAUGHN<br><br><br><br>                    Debtors. | Case No. 20 B 19430<br><br><br>Judge: Hon. Jack B. Schmetterer |

**MEMORANDUM OPINION ON
AMENDED MOTION OF TIMES SQUARE REVOLVING
TRUST FOR SUMMARY JUDGMENT (Docket No. 41)**

Times Square Revolving Trust c/o Wilmington Savings Fund, FSB ("Creditor" or

"Wilmington") has moved for summary judgment against Debtors, Robert R. Vaughn, Jr. and

Melanie L. Vaughn ("Debtors") seeking to hold that Debtors transferred title to the Creditor by a

Deed in Lieu of Foreclosure Agreement ("Deed in Lieu") prior to the instant bankruptcy.

Debtors had an extensive history of deficiency on their mortgage payments. They

executed a Note and Mortgage on July 27, 2007 secured by property located at 10037 South

Green Street in Chicago, Illinois 60643. Debtors defaulted, however, and later defaulted on their

second loan modification. On a new mortgage foreclosure action, Debtors failed to file an

Answer or other responsive pleading. Consequently, on September 11, 2020, Wilmington

moved for a Default Judgment and also filed a Motion for Foreclosure and Sale.

On September 16, 2020, the mortgage servicer accepted Debtors' offer for a Deed in

Lieu. In consideration, Wilmington stopped prosecuting the foreclosure action. Debtors signed

the Deed in Lieu on September 30, 2020. Less than 30 days later, Debtors filed a new

bankruptcy case and plan of reorganization to retain the subject property pursuant to 11 U.S.C.

1

§1322(b)(5).  Wilmington filed an objection to confirmation, and Debtors filed a response to that objection.

The Deed in Lieu declared that Debtors are Grantors/Owners and Creditor is the Grantee. Additionally, in the estopple affirmation, ¶25 explicitly states the aforesaid Deed in Lieu was made by Owner(s) as the result of their request that Grantee accept such Deed in Lieu as his/her free and voluntary act.  The servicer of the mortgage sent a letter agreeing to accepting a Deed in Lieu.  Debtors executed and delivered a Deed in Lieu on September 30, 2020.  Movants argue the delivery of Deed in Lieu, despite lack of compliance with conditions, conveys title and so the property is not part of the estate.  Therefore, Wilmington asserts that under the Illinois Conveyance Act, 765 ILCS 5/1 by delivery of the deed they transferred ownership.  Therefore, the subject property is not part of the estate and cannot be dealt with by the bankruptcy plan. That argument is further elaborated.

However, the acceptance letter, Deed in Lieu, and many conditions meant that Debtors' failure to vacate the premises by October 31, 2020 and comply with other conditions under that agreement was not an unconditional delivery of title.  The premises were not vacated and other conditions were not complied with.

Debtors continue to make post-petition mortgage payments which were retained so as to keep Debtors current on their pending mortgage post-petition.  Moreover, Wilmington has not recorded the Deed in Lieu nor filed a lien release in full satisfaction of the current mortgage foregoing all rights to deficiencies.

Debtors argue that under the forgoing circumstances there is no "buyer acceptance" of the Deed in Lieu where it is shown that it was not to become operative immediately and where such intent is evidenced by contractual acts of ownership and objection.  *Seibert v. Seibert*, 379

2

Ill. 470, 477-8 (1942).  Moreover, the Illinois Deed and Foreclosure Act 735 ILCS 5/15-1401 makes clear the tendering the executed deed to the mortgagee does not by itself constitutes acceptance of the deed in lieu of foreclosure.

The foregoing plus additional arguments in Debtors' brief show that there is reasonable doubt of "lack of acceptance of title transfer by the Creditor."  Debtors' Response at pgs. 4-8. Further arguments by Debtors need not be discussed to find that it is likely that the property is still property of the estate.  Accordingly, the Motion for Summary Judgment is denied.

ENTER:

_____

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 21st day of April, 2021